# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2020

Lyle W. Cayce
Clerk

No. 20-10252
Summary Calendar

Samuel T. Russell,

*Plaintiff—Appellant*,

*versus*

State of Texas,

*Defendant—Appellee*.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-334

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Samuel T. Russell filed a civil action under 42 U.S.C. § 1983 against the State of Texas in which he claimed that Child Protective Services engages in various illegal practices. Russell now appeals from the district court's grant of the State's motion to dismiss his pro se civil action for lack of subject-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court determined that Russell's claims against the State of Texas were barred under the Eleventh Amendment.

We review de novo the legal issues underlying a district court's grant of a Rule 12(b)(1) motion to dismiss. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570 (5th Cir. 2001). Likewise, we review an Eleventh Amendment immunity determination de novo. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

"Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002). "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). "Texas has not consented to be sued in federal court by resident or nonresident citizens regarding its activities to protect the welfare of children, nor has state sovereign immunity been eviscerated by Congress with the passage of section 1983." *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990).

The crux of Russell's argument on appeal is that the wording of the Eleventh Amendment does not preclude suits against a State by its own citizens. Even if Russell's text-based argument is not entirely without foundation, it is unavailing. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662 (1974). Thus, as we have stated, "[t]he Eleventh Amendment bars private citizens from bringing suit against a state

in federal court, unless the suit falls within" a "narrow exception" to the Eleventh Amendment. *McKinley v. Abbott*, 643 F.3d 403, 405 (5th Cir. 2011). The exception, which is not applicable here, allows a private citizen to sue an individual in federal court for prospective injunctive relief based on allegations that a state official violated federal law; however, it does not apply to claims brought against the state or state agency. *Perez*, 307 F.3d at 332 n.7.

In view of the foregoing, the judgment of the district court is AFFIRMED.